[No. 1482.]

## FLORENCE M. MANNING, RESPONDENT, v. J. E. GIGNOUX, APPELLANT.

PRACTICE—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.—In an
action for plaintiff's care and support of defendant's two minor sons
under a contract therefor, defendant claimed that at a certain time
the contract was canceled. One of the sons, who had returned to his
father, testified to statements of plaintiff, made in the presence of
both sons, that the contract was canceled, as claimed by defendant;
and defendant's wife testified to seeing letters containing statements
which showed the same fact. On the production of such evidence,
plaintiff's counsel moved to continue the case, so that the evidence
of plaintiff and defendant's other son, who resided in New York,
could be produced to controvert such evidence. A motion by plain-
tiff, on the ground of newly-discovered evidence, for a new trial, was
supported by affidavits showing that plaintiff and the son residing
with her would testify to the facts disclosed in the motion and affi-
davit for continuance, and legal excuse for their absence from the
trial was shown. The record disclosed great diligence on the part of
the plaintiff in preparing her case for trial, and in producing all the
evidence known to her, or which could have been known to her, with
respect to the alleged facts testified to by defendant's wife and son,
prior to the giving of said testimony by them, unless the said alleged
facts are true, the truth of which the plaintiff denies by affidavits
on motion for new trial: *Held,* that a new trial was properly granted.

APPEAL from the District Court of the State of Nevada,
Lyon county; *C. E. Mack,* District Judge:

Action by Florence M. Manning against J. E. Gignoux to
recover a balance alleged to be due plaintiff for the care and
support of defendant's two minor sons, in which there was a
judgment dismissing the action, and in favor of defendant
for costs. From an order granting a new trial on the ground
of newly-discovered evidence, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Robt. M. Clarke,* for Appellant: -

I.   To warrant the granting of a new trial upon the ground
of newly-discovered evidence, the evidence must be new; it
must be newly discovered; it must be material and control-
ling; it must not be cumulative; it must not be impeaching
merely; and diligence must be shown on the part of the
moving party. (Gen. Stats. 3217; Hayne on New Trials,
secs. 88–92; *Bartlett* v. *Hoyden,* 3 Cal. 57; *Meyer* v. *Mowrey,*
34 Cal. 516; *Hobler* v. *Cole,* 49 Cal. 251; *Stokes* v. *Monroe,* 36

Cal. 388; *State* v. *Ray*, 53 Mo. 345; *Berry* v. *State*, 10 Ga. 511; *Goff* v. *Milholland*, 33 Mo. 203; *Heintz* v. *Mertz*, 58 Mo. App. 405; 67 Mo. 59; *Mayor of Liberty* v. *Burns*, 114 Mo. 43.)

II.   A motion for a new trial, on the ground of newly-discovered evidence, is viewed with distrust.   (*Hobler* v. *Cole*, 49 Cal. 250; *Arnold* v. *Skaggs*, 35 Cal. 684; *People* v. *Demasters*, 109 Cal. 607.)

III.   The order granting a new trial cannot be supported upon the ground that the court denied plaintiff a continuance:   (1) Because the new trial was not granted upon that ground (Hayne on New Trials, sec. 167, 284); (2) because the affidavit for continuance upon the ground of surprise was insufficient; the court did not err in denying the continuance. (6 Cal. 228; 24 Cal. 85; 41 Cal. 494; 21 Ind. 344.)

*Langan & Knight*, for Respondent:

I.   That the evidence sought to be presented by plaintiff is newly discovered, is clearly shown by the affidavits.   Her diligence also appears therefrom and from the record.   The new evidence which respondent would produce is clearly material; and, while it is in part impeaching testimony, in its nature it also has a direct bearing upon the issues in the case, and it is not merely cumulative.   This new evidence is also controling—at least, it is such that it must be admitted that a trial court or jury might deem it so, which is all that need be said of it in order to render it imperative that this court sustain the order appealed from.

II.   Applications for a new trial on the ground of newly-discovered evidence, etc., are addressed to the discretion of the court, and its order granting or refusing the motion will not be disturbed except for a plain abuse of discretion. (Hayne on New Trial, 87, 289; *Spottswood* v. *Wier*, 22 Pac. 289; 16 Am. and Eng. Ency. Law, 516, 692, and notes and citations; *Wood* v. *Donville R. Co.*, 1 App. D. C. 165; *Seegers* v. *McCreery*, 19 S. E. 696; *Cleveland C. C. & St. L. Ry. Co.* v. *Davis*, 36 N. E. 778; *Slater* v. *Drescher*, 25 N. Y. 153; 72 Hun, 425.)

III.   We would direct the court's attention to the ground stated on motion for a new trial—" accident and surprise which ordinary prudence could not have guarded against "—

and we maintain that for the reasons set forth above in presenting the matter of newly-discovered evidence, the order appealed from is also sustained on this ground. The evidence of defendant, his wife and son was a decided surprise to plaintiff, and because of the materially different testimony of defendant in his deposition taken before the trial. It was also such in its nature that no amount of prudence before trial could have guarded against it, and it could have been met at the trial only upon the continuance asked for and which the court refused to grant. Applications to courts for new trials on this ground are addressed to discretion, and orders made thereon will not be disturbed except for plain abuse of discretion. (Authorities cited, *supra.*)

IV. Reasonable diligence only need be shown to discover and produce evidence at the trial. (Hayne on New Trial, 92.)

V. Upon principle and authority an order granting a new trial will not be so readily disturbed as one refusing to do so. In the one case a mere privilege to determine a dispute is granted: in the other case the dispute is settled, whether correctly or not, forever. (16 Am. and Eng. Ency. Law, 516, 683, note 2, and cases cited; *Alt* v. *Chicago & N. W. Ry. Co.*, 57 N. W. 1126; *Hodges* v. *Bierlein*, 56 N. W. 811.)

By the Court, BONNIFIELD, J.:

The plaintiff brought this action to recover the sum of $3,320 of the defendant, balance due on contract between the parties for plaintiff's care and support of defendant's two minor sons, as alleged in the complaint.

The following facts are not disputed: That on or about the 4th day of January, 1885, the parties entered into a contract with each other by the terms of which the plaintiff agreed to take, care for and maintain the minor sons of the defendant, Fred and John, for the monthly sum of $80, exclusive of doctor bills; that the defendant agreed on his part to pay the plaintiff for said care, etc., the said sum of $80 per month, exclusive of doctor bills; that the plaintiff took said children under said contract on or about —— day of January, 1885; and from that date up to the 1st day of August, 1893, cared for and supported them both; that Fred, on the 1st

day of August, 1893, went to the defendant in Nevada on a visit, and did not return to the plaintiff; that John remained with plaintiff, and had her care and support till the 1st day of September, 1894, and not since; that prior to June 1, 1887, the defendant paid the plaintiff for all of her said services rendered up to that date; that for the plaintiff's said services rendered after June 1, 1887, the defendant has paid her $3,200 and no more.

*Alleged Facts Denied:* The plaintiff alleges in her complaint, in substance, and her contention is, that all of her said services in the care and support of said children were rendered under and in pursuance of the terms of said contract of date January 4, 1885, and not otherwise. The defendant denies that she rendered any services under said contract after September, 1890, and in his answer he alleges: "That on or about the —— day of September, 1890, said defendant, having made preparations and arrangements to take, educate and care for and support the said minor children, terminated said arrangement, and gave said plaintiff notice thereof, and then demanded the custody and to have the said minor children, which demand plaintiff refused, and ever since has refused. And defendant avers that said plaintiff then terminated of her own will, the said arrangement, and insisted on keeping, caring for and maintaining and supporting the said minor children, contrary to defendant's desire, and detained and kept them away from defendant, the said Fred Gignoux until the 1st day of August, 1893, and the said John Gignoux until the present time—to his great disappointment, injury and damage, and to the injury of said children."

The main contest in the trial of the case was as to the termination of the contract.

The case was tried by the court without a jury. The court found as follows: "I find from the evidence that in the year 1885 plaintiff and defendant entered into an express contract, whereby defendant was to pay plaintiff the sum of $80 per month for the care and support of his two sons; that under said express contract plaintiff supported and cared for the two sons of defendant until September, 1890, at which time said express contract was terminated; that defendant

paid plaintiff in full under said express contract to October 1, 1890. I further believe from the evidence that plaintiff cared for and supported the said sons of defendant for some time after October 1, 1890, for which defendant is liable on an implied contract for what the same is reasonably worth. As a conclusion from the foregoing, let judgment be entered in favor of the defendant for his costs in defending this action." Judgment was entered dismissing the action and in favor of the defendant for his costs. The plaintiff moved for a new trial, and the court granted the motion. The defendant appeals from the order granting a new trial.

Plaintiff's motion for a new trial was based on the following grounds: "(1) Newly-discovered evidence, material for the plaintiff, which she could not with reasonable diligence have produced at the trial. (2) Insufficiency of the evidence to justify the decision of the court. (3) That the decision of the court is against law. (4) Errors of law occurring at the trial and excepted to by the plaintiff. (5) Accident and surprise which ordinary prudence could not have guarded against." The application for new trial for the causes named in the first and fifth subdivisions above was made upon affidavits, and for the other of said causes it was made on plaintiff's statement on said motion. No counter affidavit was filed.

The court in ruling upon the motion stated and ruled as follows: " I have examined and considered the evidence submitted at the trial of this case and the affidavits offered in support of the motion for a new trial. In my judgment the affidavits disclose evidence material to the issue of this case on the part of plaintiff which she could not with reasonable diligence have discovered and produced on the trial. It is therefore ordered that the judgment herein entered be set aside and a new trial granted."

From said affidavits it appears that, in support of the allegations of his answer to the effect that said agreement on which this action was brought had been terminated by both parties, the defendant introduced as a witness at the trial Fred Gignoux, one of his said sons, who testified, in substance: That about four of five years ago the plaintiff, in the presence of and in connection with witness and his

brother, John Gignoux, at Albany, New York, and in plaintiff's residence, stated to them that the defendant in this action had written to her demanding that said witness and his brother be sent to him; that plaintiff then and there asked the witness and his brother if they desired to go to said defendant, and they answered that they did not, and that plaintiff thereupon said that they need not; that they might remain with her so long as she had anything with which to maintain them, and that she would resist any effort to take them from her; that she was their guardian in the state of New York, and would fight in the courts, if necessary; and that the plaintiff further stated in said conversation to witness and his said brother that she had written to the defendant and told him that she would not give said John Gignoux and Fred Gignoux up, and was prepared to go to law.

It likewise appears from said affidavits that the defendant introduced Mary L. Gignoux, defendant's wife, as a witness at the trial, who testified, among other things, in substance, that she saw a letter in the hands of the defendant written by him to the plaintiff in the month of September, 1890, wherein defendant stated to plaintiff that he wanted his boys out here; that he would not and could not pay for them any longer, to which plaintiff replied in a letter received in or about October, 1890, and shown to witness by defendant, that she could not part with the dear boys, that money was no object to her, and while she had a dollar she would not give them up.

The alleged newly-discovered evidence disclosed by said affidavits with respect to the alleged facts testified to by Fred and Mary L. Gignoux, respectively, is the proposed evidence of John Gignoux, the brother named in Fred's said testimony, and the proposed evidence of the plaintiff.

The said proposed testimony of John Gignoux, if produced, will tend to show that at or about the time and place named in Fred's said testimony, the plaintiff did state and say to said Fred and John that their father wrote of his intention to send for them, or that he was about to send for them to come to Nevada, but that the plaintiff did not state or say to them at any time that defendant had sent for

them or demanded their custody or control; that the plaintiff did not state at said time, or at any time, to them or either of them, in the presence or hearing of John, that she had refused or that she would refuse by letter or otherwise to comply with the said or any demand of the defendant for the care, custody, control or removal of said John and Fred, or either of them, or at all; that the plaintiff did not in any conversation that ever occurred, in the presence or hearing of John, with himself and his said brother, or at all, state or say that she was their guardian, or of either of them, in New York or elsewhere, or that she would contest or fight at law, or in any way, any attempt or effort of the defendant or any one else to take them, or either of them, from the plaintiff.

The proposed testimony of the plaintiff, if produced, would tend to prove that she never was the guardian at any place of said John and Fred Gignoux, or either of them; that she did not at the time or place alleged by Fred Gignoux in his said testimony, or at any other time or place, or at all, state that she would fight, oppose or contest it at law, or otherwise, if any one attempted to take said boys, or either of them, from her; that plaintiff did not at any time, in any manner, state to Fred and John, or either of them, that she had refused, or that she would refuse, by letter, or otherwise, to comply with defendant's said demand, or any demand of his, for the surrender and delivery or sending of said boys, or either of them, to defendant, or to any one else; that the plaintiff never received any letter from the defendant described by Mary L. Gignoux as being written by the defendant to the plaintiff, and never saw such letter in which the defendant stated that he would not and could not pay for them—the boys—any longer, or any letter containing any such declaration in form, substance or effect; that the plaintiff did not reply to any such letter as testified to by said Mary L. Gignoux, or to any other letter, "that she could not part with the dear boys, or that money was no object to her, or that while she had a dollar she would not give them up"; that the plaintiff did not write or send, or cause to be written or sent, to or for the defendant, or any one else, any letter at any time, or at all, in words or substance, to the effect that she

could not or would not part with or give up said boys, John and Fred, or either of them, or that money was no object to her, or that while she had a dollar she would not give them up.

We agree with the trial court in its expressed opinion that "the affidavits disclose evidence material to the issue on the part of the plaintiff in this case which she could not with reasonable diligence have discovered and produced on the trial." We are of opinion that the said proposed evidence hereinabove named is new, was newly discovered, is not merely cumulative, is not merely impeaching evidence, and that it is such as to render a different result probable on a retrial.

The plaintiff, before the case was finally submitted, and at the first practicable moment after the witnesses Fred and Mary L. Gignoux had testified to the alleged facts named by them, moved the court for a continuance of the further trial of the case for a period of six weeks, upon affidavit, and upon substantially the same grounds and showing as appear in her affidavits for new trial, which motion was denied. The record discloses great diligence on the part of the plaintiff and her attorneys in preparing the case for trial, and in producing all the evidence known to them, or which could have been known to them, with respect to the alleged facts testified to by Fred and Mary L. Gignoux, prior to the giving of said testimony by them, unless the said alleged facts are true, the truth of which the plaintiff and John Gignoux deny by their affidavits on motion for new trial.

The plaintiff and John Gignoux are residents of the state of New York, and were absent from Nevada during all the time of the pendency of this action and the trial thereof in the court below, and good and legal excuse for such absence appears in the record.

We are of opinion that the order granting a new trial should be affirmed on the ground and for the reason stated by the trial court in its opinion granting the same, which appears hereinabove. We do not deem it necessary to pass upon or consider any of the other grounds upon which plaintiff based her motion for new trial, and do not do so. The errors, if any, will not likely be repeated.

The order granting a new trial is affirmed.